IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID WINTERS #364-915　　　　　　　:
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　　　　　　　　Civil No. ELH-11-1157
　　　　　　　　　　　　　　　　　　　　:
JUDY PRESTON, et al.,
　　　Defendants.　　　　　　　　　　　:

## **MEMORANDUM**

On May 2, 2011, David Winters, presently incarcerated within the Maryland Division of Correction and housed at the North Branch Correctional Institution (NBCI), signed a civil rights complaint[1] against state officials and corrections personnel listing a plethora of claims concerning the treatment of prisoners at the institution.[2] Winters seeks injunctive and declaratory relief to address these alleged deficiencies.

The language used in the complaint suggests that Winters may have intended to proceed on behalf of fellow NBCI prisoners by way of a class action lawsuit. He is not entitled to do so. *See Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). While a class action may be maintained under 42 U.S.C. § 1983, a party must first make a request for class certification under Rule 23 of the Federal Rules of Civil Procedure. Because the rights of many persons may be affected in a class action, such an action will not be certified unless counsel has been retained or appointed to represent the class. *See Oxendine v. Williams,* 509 F.2d 1405, 1406 (4th Cir.

---

[1] Although signed by Winters, the complaint and accompanying indigency application appear to have been written by NBCI prisoner Warren Chase. Compare ECF Nos. 1 and 2; ECF No. 1 in *Chase v.. Preston, et al.,* Civil Action No. CCB-11-486 (D. Md.); ECF No. 1 in *Chase v. Corley, et* al., Civil Action No. CCB-11-485 (D. Md.); ECF No. 1 in *Chase v. Prior/Present DOC Commissioners, et al.*, Civil Action No. CCB-11-1156 (D. Md.). Chase is barred from proceeding in forma pauperis in this court under the "three strikes" provision of the Prison Litigation Reform Act, the relevant portion of which is codified at 28 U.S.C. § 1915(g). *See Chase v. Warden*, Civil Action No. CCB-10-3615 (D. Md.).

[2] Winters also complains that female correctional officers are denied employment advancement because they are not permitted to work on certain tiers. Winters lacks standing to complain about such practices on behalf of these officers.

1975). There is no showing at this time that class action certification is necessary or that appointment of counsel at this stage in the proceedings is required.

Indeed, there is no showing that Winters actually has standing to pursue this case. The "irreducible constitutional minimum of standing" requires (1) "an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical"; (2) "causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) "redressability—a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a BetterEnv't*, 523 U.S. 83, 102-03 (1998) (internal quotation marks and citations omitted); *see Friends of the Earth, Inc. v.Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir.2000) (en banc) (same); *McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010).

In simple terms, Winters must allege that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendants, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision. *See Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).

Winters does not identify a single incident where he was personally injured as a result of the incidents and conditions alleged in the complaint, nor does he specify when such injury occurred or identify the individuals involved. Due to this deficiency, the complaint will be dismissed, without prejudice, by way of separate order.

<u>May 9, 2011</u>  /s/  
 (Date)  Ellen L. Hollander  
  United States District Judge